UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KEVIN L. MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 2:18-cv-00385-JPH-DLP |
| | ) |
| RICHARD BROWN, | ) |
| THOMAS WELLINGTON, | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff Kevin L. Martin alleges that the defendants, Warden Richard Brown and Grievance Specialist Thomas Wellington, interfered with his access to courts and retaliated against him when they delayed or prevented the delivery of his appellate briefs to the Indiana Court of Appeals where he had two appeals pending. Dkt. 10; dkt. 109-1 at 32.

The defendants have moved for summary judgment. Dkt. 109. Mr. Martin filed several responses and the defendants replied. Dkt. 117; dkt. 129, dkt. 131, dkt. 133. The motion is now ripe for review. For the reasons explained below, the defendants' motion for summary judgment, dkt. [109], is **granted**.

**I.
Standard of Review**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). As the current version of Rule 56 makes clear, whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or

1

affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the Court need only consider disputed facts that are material to the decision. A disputed fact is material if it might affect the outcome of the suit under the governing law. *Williams v. Brooks*, 809 F.3d 936, 941-42 (7th Cir. 2016). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page,* 906 F.3d 606, 609-10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

On summary judgment, a party must show the Court what evidence it has that would convince a trier of fact to accept its version of the events. *Gekas v. Vasilades*, 814 F.3d 890, 896 (7th Cir. 2016). The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the

Seventh Circuit Court of Appeals has repeatedly assured the district courts that they are not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Trustees of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017). Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Anderson*, 477 U.S. at 255.

## II.
## Undisputed Facts

Mr. Martin is an inmate who was housed at the Wabash Valley Correctional Facility ("Wabash Valley") during the events alleged in his amended complaint. In October 2017, Mr. Martin filed two Indiana state court cases in Sullivan County: 77C01-1710-CT-628 and 77C01-1710-CT-629. In both cases, the state judge ordered Mr. Martin to submit the appropriate number of copies of his complaint and accompanying summonses. Dkt. 109-4; dkt. 109-5. Mr. Martin attempted to get the extra copies mailed to the state court, but the law librarian told him that she had spoken with the court clerk who assured her that extra copies were not needed. Dkt. 119 at 10-13.

Mr. Martin filed motions to reconsider the state court orders for additional copies, but his motions were denied. Dkt. 109-4; dkt. 109-5. He then appealed the denial of the motions to reconsider. In Indiana Court of Appeals case 18A-CT-00060, his notice of appeal was received on January 3, 2018, and his first appellant brief was postmarked on January 17, 2018. Dkt. 109-2. Over the next six months, Mr. Martin submitted six briefs to the Court of Appeals, but each was rejected for a variety of reasons. Ultimately, the Court of Appeals dismissed the appeal on August 1, 2018. *Id*. Mr. Martin's other case took a similar path. Dkt. 109-3.

The state court's online docket reveals that the state trial court dismissed the underlying cases on January 23, 2020. *See* https://public.courts.in.gov/mycase (public case search) (last visited Aug. 18, 2020). The Indiana Court of Appeals' docket reveals that Mr. Martin successfully

appealed the dismissal of both cases, and the Court of Appeals recently ordered the trial court to either reinstate Mr. Martin's cases or hold a hearing before dismissing them. *Martin v. Prison Guards Wabash Valley Corr. Facility*, 20A-CT-464 (Ind. Ct. App. July 2, 2020); *Martin v. Superintendent Dick Brown*, 20A-CT-465 (Ind. Ct. App. Aug. 31, 2020).

During his deposition Mr. Martin conceded that he never gave either defendant his appellate briefs, or other documents, to be mailed. Dkt. 109-1 at 23, 26. He has no knowledge of the defendants instructing other staff not to copy or mail his documents. *Id*. at 38-40. He believes that the defendants should have known the mail was not being mailed out and are responsible despite their lack of personal involvement:

> Q: Can you tell me specifically how Warden Brown retaliated against you?
>
> A: Okay. First of all, he got the ultimate care and custody and control of the plaintiff, that's me, and every officer in the facility. He is liable. He is the superintendent that –
>
> Q: So he is responsible for everything that happens in the facility—
>
> A: Right. And I sent him a request form constantly telling him about this problem, about my legal mail problem. And the grievance specialist, once I filed a grievance with the grievance specialist, it's your job to investigate.

Dkt. 109-1 at 16-17.

### III.
### Discussion

The defendants argue that they are entitled to summary judgment on Mr. Martin's claims because he concedes that they were not personally involved in the alleged constitutional violations. The Court agrees.

"Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 593-96 (7th Cir. 2009); *see also Horshaw v. Casper*,

910 F.3d 1027, 1029 (7th Cir. 2018). Although Mr. Martin believes that the defendants should have known that his appellate briefs were not mailed out, he cites no evidence to support his belief.[1]

Whether supervisory personnel at a prison are sufficiently involved in an alleged constitutional violation such that they may be liable for damages often depends on that person's knowledge of, and responsibilities regarding, the alleged harm. Mere "knowledge of a subordinate's misconduct is not enough for liability." *Vance v. Rumsfeld*, 701 F.3d 193, 203 (7th Cir. 2012) (en banc). Although what additional allegations are required are case-specific, two scenarios are illustrative.

First, the defendants could be engaged with the underlying issue such that personal responsibility is present. *See, e.g., Haywood v. Hathaway*, 842 F.3d 1026, 1032-33 (7th Cir. 2016) (holding that the Warden could be held personally responsible for the harm caused by cold prison conditions because the evidence showed he "had actual knowledge of the unusually harsh weather conditions, that he had been apprised of the specific problem with the physical condition of [the plaintiff's] cell (i.e., the windows would not shut), and that, during the time period of [the plaintiff's] complaint, the warden toured the segregation unit himself").

Or second, personal responsibility can be present when the underlying issue is the direct responsibility of the individual in question, rather than one for his or her subordinates. *Compare id.*; *Gray v. Hardy*, 826 F.3d 1000, 1008 (7th Cir. 2016) (holding that the Warden was personally responsible for the alleged cell conditions, and distinguishing *Vance*, because the Warden "not only knew about the problems but was personally responsible for changing prison policies so that

---

[1] The Court notes that the Indiana Court of Appeals received several deficient briefs from Mr. Martin. Mr. Martin maintains that he submitted additional briefs for mailing that were never received by the Indiana Court of Appeals. For the purposes of summary judgment, the Court assumes this to be true.

they would be addressed"), with *Burks*, 555 F.3d at 595 (holding that the supervisor at issue was not personally responsible; "[t]he Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care.").

Here, Mr. Martin has presented no evidence that the defendants were directly responsible for mail processing generally or that they were particularly involved in dealing with his attempts to mail documents to the Indiana Court of Appeals. At most, the evidence shows that Mr. Martin made the defendants aware of his legal mail troubles by filing grievances regarding the state trial court's demand for additional copies of his complaints and summonses. Dkt. 131 at 36-41. The record demonstrates that defendant Brown investigated Mr. Martin's grievance and concluded that the clerk of the state court had informed the librarian that additional copies were not required. *Id*. While it appears that the clerk was wrong, that is not the fault of the defendants or of the prison law librarian. Mr. Martin has successfully appealed this issue in his cases. The state appellate process is the appropriate route for Mr. Martin to pursue his claim that his state cases should not have been dismissed for failing to submit additional copies of the complaints and summonses.

Mr. Martin has produced no grievance records regarding his allegation that he put the defendants on notice that his appellate briefs had not been mailed out. And even if he had such evidence, Mr. Martin's dissatisfaction with the outcome of the grievance process does not make the defendants liable for retaliation or for failing to ensure that Mr. Martin's briefs made it to the Indiana Court of Appeals.

The only document demonstrating defendant Wellington's involvement in Mr. Martin's grievances is an email defendant Wellington wrote to defendant Brown on August 2, 2018. Dkt. 131-1 at 67. The email documented that Mr. Martin had filed numerous unfounded grievances

6

in the prior month and questioned whether he should be placed on grievance restrictions. The email was written after both of Mr. Martin's appeals had been dismissed by the Indiana Court of Appeals and it makes no reference to grievances regarding the mailing of Mr. Martin's appellate briefs. Furthermore, the email contains no evidence from which a retaliatory motive could be attributed to either defendant. Instead, it appears to document defendant Wellington's discussion with Mr. Martin regarding his grievances in compliance with the prison policy regarding inmates who abuse the grievance process. See dkt. 131-1 at 68.

"[I]naction following receipt of a complaint about someone else's conduct is not a source of liability." *Estate of Miller by Chassie v. Marberry*, 847 F.3d 425, 428 (7th Cir. 2017). Mr. Martin's allegations suggest only that the defendants had generalized knowledge of his mail issues and failed to resolve them to his satisfaction. The defendants are therefore entitled to summary judgment on this claim. *Id.* at 428-29 (holding that summary judgment for the Superintendent was proper because the plaintiff's allegations—that the Superintendent "brushed off his complaints, leaving them to be handled through the chain of command"—were insufficient to demonstrate the personal responsibility necessary to state a § 1983 claim; such allegations brought the plaintiff's "claim within the scope of *Iqbal*, *Vance,* and *Burks* rather than *Haywood*"); *see also Olive v. Wexford Corp.*, 494 F. App'x. 671, 673 (7th Cir. 2012) ("[The plaintiff] does contend that he complained to [the head of the prison medical department] Shicker about [his treating doctor's] decisions and that Shicker did not intervene to help him. But both *Iqbal* and *Burks* hold that a supervisor is not liable just because a complaint is made and an effective solution is not forthcoming.").

Mr. Martin's retaliation claim fails for similar reasons. To state a First Amendment claim for retaliation, a plaintiff must allege that "(1) he engaged in activity protected by the First

7

Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action." *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015).

The defendants argue that Mr. Martin did not suffer a deprivation that would deter First Amendment activity in the future because he continued to file appeals after the Indiana Court of Appeals dismissed the two state cases which are the subject of this lawsuit. Dkt. 110 at 11. But Mr. Martin's continued appeals are irrelevant because the question of whether a deprivation is likely to deter First Amendment activity is judged on an objective rather than subjective standard. *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020). Nevertheless, the defendants are entitled to summary judgment on this claim because there is no evidence that they had any retaliatory motive when they investigated Mr. Martin's complaints about his legal mail or that they took any adverse action against him.

Because it is undisputed that the defendants were not personally involved in mailing Mr. Martin's appellate briefs and did not take adverse action against him, they are entitled to summary judgment on his claims. *See Glisson*, 849 F.3d at 379.

### IV. Conclusion

For these reasons, the defendants' motion for summary judgment, dkt. [109], is **granted**. Final judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 11/23/2020

                                                  James Patrick Hanlon
                                                  United States District Judge
                                                  Southern District of Indiana

Distribution:

KEVIN L. MARTIN
169789
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391

Thomas Joseph Flynn
INDIANA ATTORNEY GENERAL
tom.flynn@atg.in.gov

Marley Genele Hancock
INDIANA ATTORNEY GENERAL
marley.hancock@atg.in.gov